EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN SOTO RÍOS, acusado y apelante.

*Número:* CR-66-411        *Resuelto:* 5 de diciembre de 1967

*Rolando Emmanuelli Sepúlveda* y *Jorge Santos Santiago,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El apelante Juan Soto Ríos fue acusado de asesinato en primer grado, subsiguiente, y convicto por un jurado de homicidio voluntario. Fue convicto además de infracción al Art. 8 de la Ley de Armas (grave) y al Art. 6 de dicha Ley (menos grave). En apelación presenta como único error el que la Sala sentenciadora no absolviera al acusado cuando de la propia prueba del Pueblo surge un caso de legítima defensa propia o cuando menos una duda razonable sobre si el acusado actuó o no en defensa propia.

■ Como podrá observarse el error imputado va dirigido al peso, apreciación y credibilidad de la prueba. Hemos leído la transcripción de la evidencia oral y no podemos convenir con el apelante en el señalamiento de error que imputa. La prueba de cargo tendió a demostrar que él y el interfecto riñeron, primero de palabra y luego de manos, en un sitio entre las residencias de ambos. En el curso de estos hechos, el apelante se dirigió a su casa y el interfecto a la suya y ambos volvieron al sitio, aquél con un revólver en la mano y éste con un mocho. Fueron al encuentro el uno del otro y mientras el apelante se acercaba hizo unos disparos al aire. Se encontraron en un sitio mucho más cerca de la casa del interfecto que de la casa del otro. El interfecto empezó a tirarle machetazos y el apelante gritaba que se lo llevaran. En una, el interfecto hirió al apelante en la mano y simultáneamente éste le disparó un tiro que lo dejó muerto en el acto.

La prueba de defensa tendió a demostrar que en el curso de la riña y mientras forcejeaban el interfecto sacó un revólver que portaba sobre su persona y el apelante se lo quitó. Que en ese momento llegó la esposa del primero con dos machetes y ambos, la esposa y él, atacaron a machetazos al apelantes teniendo éste que hacer uso del revólver que le había quitado al otro.

Si bien es cierto que de la prueba de cargo surgen unos elementos de defensa propia, también es cierto que surgen elementos que destruyen la defensa propia. En tal caso la cuestión residía en si se iba a creer la versión del Ministerio Público o la del apelante. El jurado, con unas instrucciones que consideramos correctas, dirimió el conflicto en la prueba, descartó la teoría de la defensa y trajo una convicción contra el apelante de homicidio voluntario. No hay razón para que intervengamos con el fallo de convicción.

■ Del expediente surge una situación que, aun cuando no ha sido levantada por la defensa, no obstante amerita corrección por parte nuestra en bien de la justicia. La acusación de asesinato en primer grado se hizo en grado subsiguiente. La acusación contiene la siguiente alegación final:

"El Fiscal alega el subsiguiente en este caso porque el referido acusado JUAN SOTO RÍOS, en el caso Criminal Núm. 15411 de El Tribunal del Distrito Judicial de Ponce, Puerto Rico (Hoy Tribunal Superior de Puerto Rico, Sala de Ponce) fue convicto del delito de MUTILACIÓN (Felony) y sentenciado con fecha 27 de mayo de 1949 a la pena de uno a quince años de presidio, cuya sentencia es final y firme."

■ Hemos examinado el expediente incluyendo las actuaciones anteriores al comienzo del proceso, y en momento alguno el apelante aceptó la anterior alegación. Al darse lectura a la acusación la minuta revela que se dieron por leídas las acusaciones y el acusado alegó ser inocente y solicitó juicio por jurado. Al comenzarse el proceso la transcripción de los procedimientos revela que después de juramentado el jurado se ofreció dar lectura a las acusaciones, se dieron por leídas y la defensa reiteró su alegación de no culpable.

Dispone la Regla 73 de las de Procedimiento Criminal de 1963 que la alegación de no culpable constituye una negación de todas las alegaciones esenciales de la acusación o denuncia.

Dispone la Regla 48 que una acusación o denuncia no deberá contener alegación alguna de convicciones anteriores del acusado, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito, *o para alegar la condición de reincidente, de subsiguiente* o de delincuencia habitual en relación con el acusado.

Dispone la Regla 68 que cuando la acusación imputare un delito en grado de reincidencia o subsiguiente o delincuencia habitual, el acusado podrá, al momento de hacer alegación, o en cualquier otra ocasión posterior siempre que fuere antes de leerse la acusación al jurado, admitir la convicción o convicciones anteriores y, en tal caso, no se hará saber al jurado en forma alguna la existencia de dicha convicción o convicciones.

Finalmente, dispone la Regla 146 en su segundo párrafo, que si el jurado tuviere que determinar la condición de subsiguiente del delito imputado, y el veredicto fuere de culpabilidad, el mismo expresará además *si la alegación sobre convicción anterior es o no cierta.*

En este caso, según dijimos, el acusado no confesó la alegación de subsiguiente delito o de comisión de un delito anterior. El hecho tenía que ir al jurado y el veredicto del jurado debía decir si era o no cierta la alegación sobre convicción anterior. El veredicto del jurado nada expresa sobre el particular y nada podía expresar por cuanto del récord no surge que el Ministerio Público presentara prueba para sostener la alegación de reincidencia. Tal prueba debió ser presentada ya que el acusado, que había negado la alegación, hubiera podido demostrar, de ser ese el caso, que el Juan Soto Ríos convicto en el caso anterior, no era su persona.

■ Al dictar sentencia la Sala sentenciadora impuso al apelante en la convicción de homicidio voluntario una pena de 12 a 20 años de presidio. Incuestionablemente la Sala sentenció considerando el grado subsiguiente.

Por las razones expuestas, y siendo sostenible la convicción de homicidio voluntario según el veredicto, *se dejará sin efecto la sentencia dictada en virtud de dicha convicción y se devolverá el caso a la Sala de instancia para que dicte otra ajustándose a las penas prescritas para el delito de homicidio voluntario. Las sentencias en los casos relacionados con violaciones a la Ley de Armas, serán confirmadas.*

El Juez Asociado Señor Belaval no intervino. El Juez Asociado Señor Blanco Lugo concurre con el resultado.