ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>KENNETH ARROYO RODRÍGUEZ<br><br>Apelante | KLAN202301034 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>I1CR202300034<br>I1TR202300011<br><br>Sobre: ART. 246 CP<br>ART. 5.07 LEY 22 |

Panel integrado por su presidenta, la Jueza Romero García, la Jueza Martínez Cordero y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de marzo de 2025.

Comparece Kenneth Arroyo Rodríguez ("señor Arroyo Rodríguez" o "Apelante"), en *forma pauperis*, y nos solicita que revoquemos la *Sentencia* emitida el 26 de octubre de 2023, por el Tribunal de Primera Instancia, Sala de Mayagüez ("TPI"). Mediante el referido dictamen, el TPI le impuso al Apelante las siguientes multas: (1) $2,500.00, por infracción al Art. 246 del Código Penal, 33 LPRA sec. 5336; y (2) $1,000.00, por infracción al Art. 5.07 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como "*Ley de Vehículo y Tránsito de Puerto Rico*", 9 LPRA sec. 5127 ("Ley Núm. 22-2000").

Por los fundamentos que expondremos a continuación, se *desestima* el recurso, por falta de jurisdicción.

**I.**

Tras la celebración de un juicio en su fondo, el 26 de octubre de 2023, el TPI emitió una sentencia de culpabilidad en contra del señor Arroyo Rodríguez, y le impuso las siguientes multas: (1) $2,500.00, por haber violado el Art. 246 del Código Penal, *supra*; y (2) $1,000.00 por haber infringido el Art. 5.07 de la Ley Núm. 22-2000, *supra*.

Número Identificador
SEN2025_____

Insatisfecho, el 17 de noviembre de 2023, el señor Arroyo Rodríguez compareció ante esta Curia mediante *Apelación Criminal por Derecho Propio en Forma Pauperis* y le imputó al foro de instancia la comisión del siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRARME CULPABLE EN VIRTUD DE UNA PRUEBA QUE NO DERROTÓ MI PRESUNCIÓN DE INOCENCIA Y MUCHO MENOS ESTABLECIÓ MI CULPABILIDAD MÁS ALLÁ DE DUDA RAZONABLE.**

**NO RENUNCIO AL DERECHO DE PODER PRESENTAR ERRORES ADICIONALES ANTE ESTE HONORABLE TRIBUNAL DE APELACIONES, TRAS LA DEBIDA EVALUACION DEL EXPEDIENTE DE INSTANCIA Y LA TOTALIDAD DE LA PRUEBA ORAL DESFILADA DURANTE EL JUICIO EN SU FONDO, POR EL ABOGADO APELATIVO A QUIEN LE ASIGNE EL PRESENTE CASO. (HENDERSON V. US 133 CT. 1121; 2013 Y PUEBLO V. SOTO RÍOS 95 D.P.R. 483; 1967).**

El 31 de enero de 2024, el señor Arroyo Rodríguez presentó una *Moción Criminal por Derecho Propio* en la cual solicitó la asignación de un abogado de oficio. El 27 de febrero de 2024, dictaminamos una *Resolución* mediante la cual le remitimos al TPI la solicitud del Apelante. Así dispuesto, el 4 de marzo de 2024, el foro primario realizó la designación de abogado de oficio correspondiente.

Posteriormente, el 4 de junio de 2024, el señor Arroyo Rodríguez solicitó la reproducción de la prueba oral vertida durante el juicio en su fondo. Como corolario, el 18 de junio de 2024, emitimos una *Resolución* mediante la cual declaramos *Ha Lugar* la solicitud del apelante, a los efectos de presentar la transcripción de la prueba oral ("TPO"). De igual modo, le concedimos a las partes un término de diez (10) días, contados a partir de la presentación de la TPO, para presentar sus objeciones a la misma. A su vez, le ordenamos al señor Arroyo Rodríguez a presentar su alegato dentro de treinta (30) días, contados a partir de que culminara el plazo dispuesto para presentar las objeciones al borrador de la TPO.

El 17 de enero de 2025, la Secretaría de este foro apelativo le notificó a las partes el borrador de la TPO. En cumplimiento con nuestra *Resolución*, el Ministerio Público compareció el 27 de enero de 2025 y

presentó sus objeciones al borrador de la TPO. Transcurrido el término otorgado al apelante para presentar su alegato, sin el cumplimiento con lo ordenado, estamos en posición de resolver.

**II.**

**-A-**

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group,* Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere facultad a este Tribunal,

por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

Como es sabido, "*[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento*". *Morán v. Marti*, 165 DPR 356 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 D.P.R. 250 (2007), *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

El Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, detalla las exigencias requeridas cuando se solicita nuestra intervención. En lo aquí pertinente, la Regla 28 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 28, dispone lo siguiente:

> Regla 28 — Contenido de los alegatos en casos criminales
>
> (A) Presentación del alegato de la parte apelante
>
> La parte apelante presentará su alegato **dentro del término de treinta días de haberse elevado el expediente de apelación**, salvo que el Tribunal de Apelaciones disponga de otra forma.
>
> .      .      .      .      .      .      .      .
>
> (C) Cuerpo
>
> (1) Todo alegato contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> (a) El nombre de la parte apelante o apelantes y el número o números de los casos respecto a los cuales se apela.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y competencia del Tribunal de Apelaciones, la sentencia de la cual se apela, indicando el nombre del Juez o Jueza, el número del caso, la sala del tribunal y la fecha en que se dictó la sentencia.
> (c) Una relación fiel y concisa de los hechos del caso.
> (d) Un señalamiento de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(e) Una discusión de los errores planteados, incluyendo las citas y el análisis de las autoridades legales pertinentes.
(f) La súplica.
(g) Una certificación acreditativa del envío de copia del alegato al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o Procuradora General.

(Énfasis suplido)

En cumplimiento con la norma antes expuesta, quien recurre ante esta Curia mediante una apelación criminal deberá presentar su alegato dentro del término otorgado.

**III.**

No existe controversia respecto al hecho de que el apelante no presentó su alegato dentro del término provisto. De tal modo que, el señor Arroyo Rodríguez nunca perfeccionó su recurso de apelación. Peor aún, la parte apelante no nos colocó en posición de evaluar el error expuesto. Ello, nos impide ejercer nuestra facultad revisora.

A tenor con lo ordenado mediante Resolución, el apelante tenía hasta el 27 de febrero de 2025 para presentar su alegato. Ante su incumplimiento, nos vemos obligados a desestimar el recurso de epígrafe, por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones