ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br><br>v.<br><br><br><br>JOSÉ L. BONILLA DOMÍNGUEZ<br><br>Parte Apelante | TA2025AP00428 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K LA2022G0198<br><br>Sobre: ART. 6.05 LEY DE ARMAS |

Panel integrado por su presidente, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece el señor José L. Bonilla Domínguez ("Sr. Bonilla" o "Apelante") y nos solicita que revoquemos la determinación emitida el 18 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro de instancia" o "foro recurrido"). En esa ocasión, el foro de instancia le impuso una pena de reclusión de diez (10) años por violación al Artículo 6.05 de la Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, también conocida como *Ley de Armas de Puerto Rico de 2020* ("Ley 168-2019").

Por los fundamentos que exponemos a continuación, se ***desestima*** el recurso por falta de jurisdicción.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 9 de octubre de 2025, el señor José Bonilla Domínguez presentó una *Apelación Criminal por Derecho Propio en Forma Pauperis.* En el recurso señaló no estar de acuerdo con la determinación emitida por el foro de instancia el 18 de septiembre de 2023, en la cual se le impuso una pena de diez (10) años de cárcel por infracción al Artículo 6.05[1] de la Ley 168-2019. Como parte de su recurso, el Sr. Bonilla hizo los siguientes señalamientos de error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRARME CULPABLE EN VIRTUD DE UNA PRUEBA QUE NO DERROTÓ MI PRESUNCIÓN DE INOCENCIA Y MUCHO MENOS ESTABLECIÓ MI CULPABILIDAD MÁS ALLÁ DE DUDA RAZONABLE.**

**NO RENUNCIO AL DERECHO DE PODER PRESENTAR ERRORES ADICIONALES DE DERECHO ANTE ESTE HONORABLE TRIBUNAL DE APELACIONES, TRAS LA DEBIDA EVALUACIÓN DEL EXPEDIENTE DE INSTANCIA Y LA TOTALIDAD DE LA PRUEBA ORAL DESFILADA DURANTE EL JUICIO EN SU FONDO, POR EL ABOGADO APELATIVO A QUIEN LE ASIGNE EL PRESENTE CASO. (HENDERSON V. US 133 S CT. 1121; 2013 Y PUEBLO V. SOTO RÍOS 95 D.P.R. 483; 1967).**

-II-

**A. Jurisdicción**

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[2] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[3] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en

---

[1] Portación, Transportación o Uso de Armas de Fuego sin Licencia. 25 LPRA § 466d.
[2] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerles Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[3] *Allied Mgmt. Group.* v. Oriental Bank, 204 DPR 374, 385 (2020); *S.L.G. Solá-Moreno* v. *Bengoa Becerra*, 182 DPR 675, 682 (2011).

derecho- pues la ausencia de jurisdicción es insubsanable.[4]

Por otro lado, nuestro ordenamiento jurídico le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[5] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento.[6] El incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial.[7] Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[8]

Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo de Puerto Rico y el Tribunal de Apelaciones[9]. De cumplir con los requisitos reglamentarios, este Tribunal queda investido jurisdiccionalmente para considerar los méritos del asunto sometido. Cabe señalar que, el hecho de comparecer por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.[10] Así pues, el incumplimiento del peticionario con las normas jurídicas pertinentes a la presentación y

---

[4] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[5] *Isleta* v. *Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019).
[6] *Íd* a la pág. 590.
[7] *Montañez Leduc* v. *Robinson Santana*, 198 DPR 543, 549-550 (2017).
[8] *Isleta* v. *Inversiones Isleta Marina*, supra, a la pág. 590; *M-Care Compounding et al.* v. *Depto. Salud,* 186 DPR 159, 176 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008).
[9] *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *DACo v. Servidores Públicos Unidos*, 187 DPR 704 (2013); *M-Care Compounding et al.* v. *Depto. Salud, supra.*
[10] *Febles* v. *Romar*, 159 DPR 714 (2003).

perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo.

A pesar de que se ha dicho que un foro apelativo debe aplicar su reglamento de manera flexible, esta aplicación se emplea únicamente:

> […] *en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia; o cuando el foro apelativo ha impuesto una severa sanción de desestimación sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro* […][11]

Se ha resuelto que el promovente de un recurso está obligado a cumplir con lo dispuesto en el reglamento para poder perfeccionar su recurso, ya que su incumplimiento podría acarrear su desestimación.[12] Por tanto, reiteramos que este Tribunal tiene la discreción para determinar si procede desestimar un recurso por incumplimiento con nuestro Reglamento, toda vez que para poder adquirir jurisdicción sobre un asunto es indispensable que el recurso presentado ante este Tribunal quede perfeccionado.[13]

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones[14] señala las instancias en las que el Tribunal puede desestimar o denegar un auto discrecional. En parte pertinente, la Regla dispone lo siguiente:

---

[11] *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998). (Énfasis omitido). (Citas omitidas).
[12] *Febles v. Romar*, 159 DPR 714 (2003).
[13] *Íd*.
[14] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 110-111, 215 DPR ___ (2025).

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1) que el Tribunal de Apelaciones carece de jurisdicción.**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. […][15]**

**B. Término para presentar una apelación criminal**

La Regla 193 de Procedimiento Criminal[16] establece que las sentencias finales en los casos criminales podrán ser apeladas ante el Tribunal de Apelaciones, excepto en los casos de una convicción por alegación de culpabilidad. Por su parte, la Regla 23 del Reglamento del Tribunal de Apelaciones[17] establece que "*[l]a apelación de cualquier sentencia final dictada en un caso criminal originado en el Tribunal de Primera Instancia se presentará dentro del término de treinta días siguientes a la fecha en que la sentencia haya sido*

---

[15] *Íd. Énfasis suplido.*
[16] 34 LPRA Ap. II, R. 193.
[17] Regla 23 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 38-39, 215 DPR ___ (2025).

*dictada"*[18]*.* Cabe señalar que se trata de un término jurisdiccional, por lo tanto, "[…] *es fatal, improrrogable e insubsanable, por lo que no se puede acortar ni extender"*[19]. El Tribunal Supremo de Puerto Rico se expresó sobre este particular señalando lo siguiente:

> Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"[20]

Cónsono con lo anterior, la Regla 195 de Procedimiento Criminal[21] dispone lo concerniente a los procedimientos para formalizar la apelación de reclusos. La referida Regla establece lo siguiente:

> Cuando el apelante se encontrare recluido en una institución penal y apelare por propio derecho, la apelación se formalizará entregando el escrito de apelación, dentro del término para apelar, a la autoridad que le tiene bajo custodia. Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la secretaría del tribunal que dictó la sentencia y copia del mismo en el Tribunal de Apelación. Al recibir el escrito de apelación, el secretario del tribunal sentenciador lo notificará al fiscal.

-III-

En el presente caso nos toca evaluar si este Tribunal de Apelaciones ostenta jurisdicción para atender el recurso de apelación presentado por el Sr. Bonilla.

Tal y como señalamos en el acápite II, la Regla 23(A) del Reglamento del Tribunal de Apelaciones, supra, establece un término jurisdiccional de treinta (30) días para presentar un recurso de apelación. Dicho término

---

[18] *Íd.*
[19] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[20] *Íd.*, pág. 269.
[21] 34 LPRA Ap. II, R. 195.

será contado a partir de la fecha en que la sentencia fue dictada. Ahora bien, cuando nos encontramos ante un escenario en el que el apelante es un recluso, nuestro ordenamiento jurídico establece que el recurso de apelación se formalizará entregando el escrito a la autoridad que lo tiene bajo custodia, dentro del término establecido.

Del expediente de epígrafe no surge la fecha en la que el Sr. Bonilla entregó el recurso a la autoridad que lo tiene bajo custodia. Ahora bien, la Regla 195 de Procedimiento Criminal, supra, señala que la autoridad encargada de la custodia presentará de manera inmediata el escrito de apelación en la secretaría del tribunal que dictó la sentencia. Por lo tanto, al no existir prueba que derrote tal actuación, para efectos de formalizar la presentación del escrito apelativo, tomaremos como referencia la fecha de presentación ante el Tribunal de Apelaciones, a saber, el 9 de octubre de 2025. Cabe recalcar que, según alega el Sr. Bonilla, el foro de instancia dictó la Sentencia en controversia el 18 de septiembre de 2023, es decir, hace más de dos años.

El Tribunal Supremo de Puerto Rico ha expresado en múltiples ocasiones que la falta de jurisdicción es insubsanable, por lo que, cuando nos encontramos ante un escenario como este, sólo queda desestimar el recurso. El Reglamento del Tribunal de Apelaciones establece un término jurisdiccional de treinta (30) días para presentar un recurso de apelación de cualquier sentencia final que el Tribunal de Primera Instancia haya dictado en un caso criminal.

Por lo tanto, la dilación en presentar el recurso apelativo nos priva de jurisdicción para considerar el

asunto en controversia. El hecho de comparecer por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.

En consecuencia, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, supra, desestimamos el presente recurso por falta de jurisdicción.

-IV-

A la luz de los fundamentos antes expresados, ***desestimamos*** el recurso por falta de jurisdicción, particularmente por haberse presentado fuera del término provisto por nuestro ordenamiento jurídico.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones