ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>ROMUALD A. MÁRTIR ORTIZ<br><br>Parte Peticionaria | TA2026AP00056 | *Apelación acogida como Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: C1VP2025-0582<br><br>Sala: 0201<br><br>Sobre: Devolución fotos y huellas |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Compareció ante este Tribunal la parte peticionaria, el Sr. Romuald A. Mártir Ortiz (en adelante, "señor Mártir Ortiz" o "Peticionario"), mediante un mal denominado recurso de apelación presentado el 15 de enero de 2026. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, "TPI"), el 14 de noviembre de 2025 y notificada el 17 del mismo mes y año. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" una solicitud de devolución de huellas dactilares y fotografías del Peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7 (B)(5) del Reglamento de este Tribunal. *In Re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 2, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por incumplimiento con el Reglamento del Tribunal de Apelaciones.

**I.**

El 14 de noviembre de 2025, el foro primario emitió una *Resolución* en la cual declaró "No Ha Lugar" una solicitud del señor Mártir Ortiz para la devolución de sus huellas dactilares y fotografías. La anterior petición fundamentada en que se halló no causa por el delito imputado durante la vista preliminar. A esos fines, solicitó que el foro recurrido emitiera una orden al Negociado de la Policía de Puerto Rico para que se destruyeran las fotos y huellas dactilares que e fueron tomadas durante la etapa investigativa del caso.

En desacuerdo, el 2 de diciembre de 2025, el Peticionario presentó una "**Moción en Solicitud de Reconsideración**". Luego, el 12 de diciembre de 2025,[1] el foro recurrido declaró "No Ha Lugar" la solicitud del señor Mártir Ortiz. Inconforme con dicho dictamen, el señor Mártir Ortiz acudió ante este foro mediante el recurso que nos ocupa y le imputó al TPI la comisión de los siguientes errores:

> a. Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud del apelante para que le fueran devueltas o destruidas sus fotos y huellas tomadas en el fichaje de este caso; cuando una determinación de No Causa en la etapa de Vista Preliminar de su caso significaba que no existía prueba suficiente en Derecho para sostener los elementos del delito y la conexión con el Sr. imputado; una determinación de No Causa en la etapa de Vista Preliminar exoneraba y/o liberaba a la persona de responsabilidad penal; pues la prueba no fue ni suficiente ni para levantar una acusación en el presente caso.
>
> b. Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud del apelante para que le fueran devueltas o destruidas sus fotos y huellas tomadas en el fichaje de este caso; cuando en la vista evidenciaría celebrada en este caso el Ministerio Fiscal no presento prueba convincente de que existían circunstancias especiales que ameritaran que la Policía conservara las huellas digitales y fotografías que le hubieren sido tomadas al Apelante.
>
> c. Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud del apelante para que le fueran devueltas o destruidas sus fotos y huellas tomadas en el fichaje de este caso; cuando la retención por la Policía de las fotografías y huellas dactilares tomadas a una persona que es

---

[1] Notificada el 16 de diciembre de 2025.

luego exonerada de delito, aparte de constituir, por su posible divulgación, un factor que afecta a la persona en múltiples aspectos de su vida económica y en sus oportunidades educativas y de empleo, podría constituir, mientras no se le devuelvan, una invasión de su derecho a la intimidad, en ausencia de que se demostrara que existía un interés apremiante del Estado superior al derecho de la persona a que se respete y se proteja su intimidad; cosa que no ocurrió en este caso.

d. Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud del apelante para que le fueran devueltas o destruidas sus fotos y huellas tomadas en el fichaje de este caso; cuando en la jurisprudencia aplicable al tema, queda meridianamente claro que se protegió al ciudadano que fue absuelto, por lo que sería un contrasentido que no se le brinde igual o mayor protección a quien ni siquiera tuvo que enfrentar los rigores de un juicio.

e. Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud del apelante para que le fueran devueltas o destruidas sus fotos y huellas tomadas en el fichaje de este caso; cuando es evidente que al establecerse que las huellas y fotos del fichaje deben ser entregadas a quien fue absuelto de delito, no sería lógico pensar que el legislador y nuestros más alto foro, dejaron fuera de esa protección a quien sólo afrontó una vista preliminar, en la que la determinación judicial fue de No Causa Probable. Ello sería actuar contrario a nuestro ordenamiento jurídico.

f. El Apelante no renuncia al derecho de poder plantear errores adicionales ante el Honorable Tribunal de Apelaciones, _Henderson v. US_ 133 S Ct. 1121 (2013), _Pueblo v. Soto Ríos_ 95 D.P.R. 483 (1967).

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero _et al._ v. ARPe _et al._, 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde

procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc.*, supra*, pág. 268.

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico. *Véase*, Reglas 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 4, págs. 109-110, 215 DPR __ (2025).

**B.**

El perfeccionamiento del recurso de *certiorari* está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 (C) de nuestro reglamento dispone, en lo pertinente, que:

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) **Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal**.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de

informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) **Una relación fiel y concisa de los hechos procesales y materiales del caso.**

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**

(g) La súplica. Íd., pág. 52. (Énfasis suplido).

El Tribunal Supremo de Puerto Rico ha expresado que el cumplimiento de las normas que rigen el perfeccionamiento de los recursos no puede quedar al arbitrio de las partes o de sus abogados. Pérez Soto v. Cantera Pérez, Inc. et al, 188 DPR 98, 105 (2013). **Ciertamente, los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos**. Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). Además, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013). Es menester recordar que, "la sola alegación de un error, que luego no se fundamenta o discute, no debe ser motivo para revisar, modificar o de alguna manera cambiar una decisión de un tribunal de instancia". Quiñones López v. Manzano Pozas, 141 DPR 139, 165 (1996).

Así pues, el alto foro reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma de menor importancia**. Arriaga v. FSE, 145 DPR 122, 130 (1998). Cónsono con ello, la casuística ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. Íd.

**III.**

En el caso de marras, el Peticionario nos solicitó la revocación de la *Resolución* emitida el 14 de noviembre de 2025, mediante la cual el TPI denegó la devolución de huellas dactilares y fotografías del señor Mártir Ortiz. A través del recurso, el Peticionario señaló la comisión de seis (6)

errores. Ahora bien, del escueto escrito de tres (3) páginas –excluyendo los índices y la súplica– presentado ante nuestra consideración no surge una relación concisa de los hechos procesales y materiales del caso. Tampoco contiene una discusión sobre los errores que a su juicio cometió el foro primario. Igualmente, omitió hacer referencia a la ley y la jurisprudencia aplicable en la que este fundamenta su solicitud.

En esencia, el Peticionario se limitó a exponer dos (2) párrafos de hechos procesales y a desglosar los señalamientos de error. Nada expuso sobre las bases de su petición, ni cómo el juzgador de instancia se equivocó en la aplicación del derecho a los hechos; mucho menos detalló el estado de derecho aplicable al caso, a pesar de que compareció ante nos por conducto de un abogado. En fin, el Peticionario no puso en posición a este Tribunal para acoger su teoría y poder adjudicar en los méritos el recurso.

Analizado el escrito presentado por el Peticionario, es evidente el claro incumplimiento con los requisitos exigidos para la presentación y perfeccionamiento de un recurso de *certiorari*, lo cual, indiscutiblemente, lo no lo hace revisable. Por todo lo anterior, resulta forzoso concluir que estamos imposibilitados de atender este recurso en sus méritos. A tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, procede desestimar el recurso debido al craso incumplimiento con el Reglamento de este Tribunal.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, se *desestima* el recurso de epígrafe por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones