Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>*Apelado*<br><br>v.<br><br>PEDRO J. ROSADO ÁVILA<br><br>*Apelante* | TA2026AP00278 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.:<br>L1TR202500104<br><br>Sobre:<br>Ley 22-2000 Art. 7.2 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2026.

El 17 de marzo de 2026, el señor Pedro J. Rosado Ávila (señor Rosado Ávila o apelante), presentó la *Apelación* de epígrafe ante esta *Curia*. Por los fundamentos que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción, ello, debido al incumplimiento con las disposiciones para el perfeccionamiento de este, lo que nos impide ejercer nuestra función revisora.

**I.**

En su recurso, el señor Rosado Ávila arguye que el 17 de febrero de 2026, en el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro apelado) se celebró el juicio en sus méritos. Alega que ese mismo día, el TPI dictó sentencia contra el apelante por infracción al Artículo 7 de la *Ley 22 de Vehículos y Tránsito de Puerto Rico*[1], por conducción de vehículo de motor bajo efectos de bebidas embriagantes, drogas o sustancias controladas. Esboza que el foro apelado le impuso como pena la suspensión de la licencia de conducir y el pago de la multa correspondiente conforme a la citada

---

[1] 9 LPRA secc. 5201.

disposición legal. Expone que, a la fecha, el apelante cumplió la sentencia impuesta en el caso de autos y *no renuncia a poder presentar ante este Honorable Tribunal de Apelaciones cualquier otro error o errores incurridos por el TPI que surjan luego de un detenido examen de la totalidad de la prueba oral desfilada. Véase Pueblo v. Soto Ríos, 95 DPR 483 (1967) y Henderson v. United States, 568 U.S. 266 (2013).*

Insatisfecho, el señor Rosado Ávila comparece ante este Tribunal y alega los siguientes señalamientos de error:

I. "ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ENMENDAR EL PLIEGO DE LA DENUNCIA PARA SUSTITUIR EL LUGAR DONDE ALEGADAMENTE OCURRIÓ LA INFRACCIÓN DE TRÁNSITO QUE DIO ORIGEN A LA INTERVENCIÓN DEL AGENTE DEL ORDEN PÚBLICO ALTERANDO SUSTANCIALMENTE LOS HECHOS IMPUTADOS Y PERMITIENDO AL MINISTERIO PÚBLICO MODIFICAR SU TEORÍA DEL CASO PARA SUBSANAR DEFICIENCIAS PROBATORIAS, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY DEL ACUSADO. DICHA ENMIENDA NO ES UN SIMPLE DEFECTO DE FORMA, SINO UNA ALTERACIÓN SUSTANCIAL DEL HECHO IMPUTADO".

II. "ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA ENMIENDA A LA DENUNCIA SOLICITADA; TODA VEZ QUE LA MISMA AFECTA EL DEBIDO PROCESO DE LEY DEL IMPUTADO."

III. "ERRO EL TRIBUNAL AL CONCLUIR QUE EXISTÍA MOTIVO FUNDADO PARA LA INTERVENCIÓN CUANDO LA PROPIA PRUEBA DEMOSTRÓ QUE LA INTERVENCIÓN SE BASÓ EN UNA INFORMACIÓN DISTINTA A LA ALEGADA EN LA DENUNCIA".

IV. "ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CULPABLE AL APELANTE AUN CUANDO EL MINISTERIO PUBLICO NO PROBÓ SU CASO MÁS ALLÁ DE DUDA RAZONABLE".

Finalmente, nos solicita que se tome conocimiento del presente recurso, se ordene la pronta tramitación y, en su día, se revoque la sentencia emitida.

Por su parte, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (Pueblo o apelado), compareció el 24 de marzo de 2026, mediante *Moción Informativa y Asumiendo Representación Legal*[2].

---

[2] Entrada núm. 3 del expediente del Tribunal de Apelaciones (TA).

El 27 de marzo de 2026[3], emitimos una *Resolución* en la cual le concedimos al apelante cinco (5) días, contados a partir de la notificación, para que presentara copia de la *Sentencia* de la cual recurría. En ésta, también se hizo constar que no se había acreditado el método de reproducción de la prueba oral que se utilizaría. Así pues, luego de solicitar una prórroga de diez (10) días para presentar copia del dictamen recurrido[4], el 1 de abril de 2026, el señor Rosado Ávila sometió una *Moción en Cumplimiento de Orden*[5] a la que anejó dos (2) copias de las Sentencias apeladas. Sin embargo, no informó el método de reproducción de la prueba oral que utilizaría. Razón por la cual, dimos por no presentada.

El 1 de abril de 2026, emitimos y notificamos una *Resolución* en la cual le concedimos al Pueblo hasta el 17 de abril de 2026 para que se expresara en torno al recurso presentado. A esos fines, el 9 de abril de 2026, el apelado presentó una *Solicitud de Relevo de Resolución*[6]. Allí solicitó que lo relevara respecto a la orden de expresarse en torno al recurso, hasta tanto no obrara en el expediente la reproducción de la prueba oral debidamente estipulada y un alegato suplementario del señor Rosado Ávila. Acogemos dicha solicitud.

Por su parte, el apelante sometió una *Moción Urgente Solicitando Término Adicional y/o Prórroga para Acreditar Método de Reproducción de la Prueba Oral, presentar Reproducción de la Prueba Oral y Someter Alegato del Apelante*[7]. La misma la dimos por no puesta.

---

[3] Notificada en igual fecha.
[4] Entrada núm. 5 del expediente del TA.
[5] Entrada núm. 6 del expediente del TA.
[6] Entrada núm. 8 del expediente del TA.
[7] Entrada núm. 9 del expediente del TA, presentada el 9 de abril de 2026.

## II.

### -A-

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[8]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[9]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[10]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[11]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[12]. Ante dicho escenario, la Regla 83 del Reglamento del Tribunal de Apelaciones[13] contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[14].

### -B-

En lo pertinente, la Regla 19 del Reglamento del Tribunal de Apelaciones[15] dispone lo siguiente:

Regla 19- Reproducción de la prueba oral

A. Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.

---

[8] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[9] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[10] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[11] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[12] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

[13] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-118, 216 DPR __ (2025).

[14] *Morán v. Martí*, 165 DPR 356, 364 (2005).

[15] Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 37, 216 DPR __ (2025).

B. La parte apelante deberá acreditar dentro del término de diez (10) días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el Tribunal determinar el método que alcance esos propósitos. [...]

Nuestro Reglamento nos confiere autoridad para desestimar, a iniciativa propia, un recurso de apelación o denegar un auto discrecional siempre y cuando concurra cualesquiera de los motivos consignados en el inciso (B) de la Regla 83[16]. Entre los motivos reconocidos en la Regla 83 (B), se encuentra que el recurso no se haya presentado o proseguido con diligencia o de buena fe[17].

Sobre lo anterior, nuestro Tribunal Supremo ha expresado que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados, tanto en el Tribunal de Apelaciones, como en el Tribunal Supremo, podría conllevar la desestimación del recurso[18]. Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente[19]. En este ejercicio, nuestro Tribunal Supremo ha sido enfático en que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos[20]". Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí[21].

En este contexto, nuestro Más Alto Foro ha puntualizado que "[s]ólo procede que se desestime un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y

---

[16] Regla 83 (B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).

[17] Regla 83 (B) (3) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 117, 216 DPR __ (2025).

[18] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2005); véase, también, *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

[19] *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

[20] *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975).

[21] *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

meritorio para que el tribunal pueda atender el caso en los méritos"[22].

## III.

Como foro apelativo intermedio, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

Los señalamientos de error del apelante cuestionan la apreciación de la prueba oral por parte del foro primario. Sin embargo, el señor Rosado Ávila no nos pone en posición de evaluar sus planteamientos, toda vez que, dentro del plazo de diez (10) días siguientes a la presentación de su *Escrito de Apelación* y, a pesar de nuestra orden y prórroga, no informó el método de reproducción de la prueba oral a utilizarse ni sometió una trascripción de la prueba oral, como requiere la Regla 19 de nuestro reglamento, *supra.* Lo anterior, tuvo el efecto de no perfeccionar el recurso de epígrafe. Por lo que nos deja con las manos atadas, pues al no contar con la trascripción de la prueba oral, no podemos realizar un análisis de cuya suficiencia y credibilidad se cuestiona en la *Apelación.*

Es menester puntualizar que, el incumplimiento con las disposiciones de nuestro Reglamento, tienen como resultado un recurso tan defectuoso que nos impide auscultar nuestra jurisdicción, para determinar si procede atenderlo en sus méritos y revisar la corrección del dictamen que se pretende impugnar[23].

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra,* la cual le confiere facultad a este foro intermedio para, a iniciativa propia, **desestimar un recurso de apelación.**

---

[22] *Pueblo v. Rivera Toro,* 173 DPR 137, 146 (2008); véase, también*, Román Velázquez v. Román Hernández,* 158 DPR 163 (2002).
[23] *Pueblo v Valentín,* 197 DPR 636 (2017).

**IV.**

Por los fundamentos antes expuestos, ***desestimamos*** la *Apelación* de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
